Sears *v.* Tindall.

FORD, J. and RYERSON, J. concurred.

---

### SEARS v. TINDALL.

Our statute, (*Rev. Laws*, 393,) entitled " an act to assist poor persons in the prosecu-
tion of their suits," is in principle the same as that of II Henry, 7; c. 12, and the
practice of the courts at Westminster, under their act, must regulate ours, until
a new course shall be prescribed by the legislature, or until this court shall feel
itself authorised to lay down new rules upon the subject.

An application to sue in *forma pauperis*, may, under our statute, be on motion in
court, but then the court ought to be informed, as is done when the proceedings
are by petition in England, of the cause of action, &c. to enable them to exercise
a sound discretion in the matter.

---

*S. R. Hamilton*, in behalf of Lucy Sears, moved for a rule
admitting her, in *forma pauperis*, to sue out a writ of *certiorari*
to the Common Pleas of Burlington county, to remove into
this court, the judgment and proceedings of the CommonPleas,
in a matter of appeal, wherein judgment had been given against

Sears *v.* Tindall.

the said Lucy Sears, and in favour of Tindall, the appellant. In support of this application, the counsel read an affidavit, made by Lucy Sears, stating " that she is *poor*, and not of ability to sue according to law, for the redress of injuries and wrongs, or the recovery of her demands and rights; and that she verily believes, she has just and legal cause of action against William Tindall. To this affidavit, the counsel in support of the application, annexed and read a certificate signed by him, suggesting to this court, that he had attended to the action mentioned in the affidavit; that he is of opinion, that she has good cause of action, and that great wrong and injustice has been done to her by the court below, in reversing the judgment she had obtained before the Justice.

*H. W. Green, contra,* objected.

1. That it did not appear by the affidavit, whether Lucy Sears, was plaintiff, or defendant. The privilege is confined to plaintiffs. 16 *Vin. Ab.* 259, " *Pauper.*" 2 *Arch. Pr.* 154, *Barne's notes,* 328, *or* 227.

2. The object of the applicant, as appears by the affidavit, is to prosecute a writ of *certiorari,* to remove a judgment, rendered against her in the Common Pleas on appeal.

The case is not within the letter, or spirit of the statute. *Rev. Laws,* 393. The statute clearly contemplates the case of an original action, for the recovery of the party's rights.

3. If the case is within the spirit of the act, yet the application is to " *the discretion of the court.*" The court will not grant it after judgment rendered against the applicant, especially to aid in the prosecution of a *certiorari,* to remove a judgment upon a suit instituted in the court for the trial of small causes, which the legislature have endeavored to discountenance. *Rev. Laws,* 642, *s.* 49 ; 2 *Arch. Pr.* 154.

4. The affidavit is not sufficiently specific as to the poverty of the applicant. The English practice, and sound principle require, that the affidavit should be more definite. *Statute* 11 *Henry* 7, *c.* 12; 2 *Arch. Pr.* 154 ; 2 *Sellon Pr.* 82, *or* 155.

5. There should be a petition to the court, by the applicant, and a certificate by counsel, that there is a good cause of action. 2 *Sellon's Pr.* 83; 16 *Vin. Ab.* 259, " *Paupers,*" *B.*

*Hamilton*, in reply insisted—

1. That by the affidavit, it clearly appears, that the applicant is plaintiff, " that she hath just and legal cause of action against William Tindall."

2. It forms no objection that the present is an application for a *certiorari*. 4 *Vin. Ab.* 330, *certiorari* is an " original writ."

The case is directly within the letter, as well as spirit of the statute.

Applicant swears that she has " cause of action." To enforce which, she is informed that it is essential to obtain a *certiorari*.

The application now made is for that "*writ*" "according to the nature of her case." 2 *Arch. P.* 154. Besides the indulgence may be granted either at commencement of a suit, or at any subsequent period, but if granted *pendente lite*, it has no retrospective effect.

3. The application although to the discretion of the court that discretion is directed by the act, *Rev. Laws*, 393, *s.* 2, to be exercised in accordance with the spirit of the act as designated in the preamble, that "*justice* be administered to the poor, their wrongs redressed, and rights recovered," a legal, sound and benevolent discretion in aid of those objects, not for mere purposes of suit or for unreasonable vexation, &c.

4. It is objected that this unfortunate girl has not specifically exposed the "nakedness of the land." Affidavit states that " she is *poor and not of ability* to sue according to law."

This conforms to the act, its language being general. The usage of the English courts under their statute, ought to form no precedent for the courts of this country under our republican and liberal institutions founded in charity and kindness, and based upon the broad principles of justice and equal rights. 2 *Arch. P.* 154 ; *Sell. P.* 156. The English practice seems to require affidavit, that party is not worth five pounds, except her wearing apparel, and the matter in question. " A sum, (says the writer, 2 *Sell. P.* 156,) it must be confessed, considering the present value of money, not agreeable to the spirit of so remedial a law."

The case proceeds, lamenting that the British statute did not extend its relief, to paupers who are *defendants*.

Sears v. Tindall.

In the absence of any rule or practice under our statute, it is respectfully insisted that the English rule is too narrow and illiberal and restrictive, and not in unison with our institutions.

Constitution of New Jersey, Article 4. Inhabitants of Colony not worth fifty pounds, disfranchised, considered paupers, and unfit to intermeddle with the civil institutions of the State.

*Rev. Laws,* 741, *s* 4, reiterating constitutional provision, and *s*. 5, adjudging what shall be accepted by officers conducting election, as evidence of legal qualification of electors in point of estate.

*Rev. Laws,* 764, *s.* 3, certain relations "being of sufficient ability," shall maintain, &c.

The act in question, January 28, 1799, does not require affidavit of poverty, either in absolute pauperism or to any given sum.

The application being addressed to the sound discretion of the court, it will seek to be satisfied that the application presents a fair and reasonable, and proper case, *bona fide,* for the exercise of its discretion, to assign counsel and impose duties upon its officers, to be rendered gratuitously. If any doubts existed or were suggested, the court might hesitate.

5. The party may be admitted either upon *motion* or upon petition. 2 *Arch. P.* 154.

The affidavit partakes of the latter character, after a statement of facts, &c. It being also objected, that there should be annexed thereto, a certificate of counsel, that there is good cause of action. That is done here.

HORNBLOWER, C. J. This application must be denied. Our statute, *Rev. Laws,* 393, is in principle, the same, as that of 11 *Hen.* 7 *c.* 12, and the practice of the courts at Westminster Hall, under that, must regulate ours, until a new course shall be prescribed by the legislature, or until this court shall feel itself authorized to lay down new rules upon the subject. But if, as insisted by the counsel in support of the application, we ought to adopt a more liberal practice, and extend the relief contemplated by the statute, to poor persons, though not so indigent, as to swear they are not worth five pounds sterling, excepting their

Sears v. Tindall.

wearing apparel, and the matter in question, yet this is not a case to justify the court in establishing a new rule. The applicant says "She is poor, and not of ability to sue according to law." But "poor" is a relative term. She may be rich, compared to others; and though she says, that she is not of "ability to sue," yet that is only her opinion. It is plain that the court must require something specific, as to the degree of poverty, to enable it to exercise its "discretion" intelligently upon such applications. For, if we admit every person to sue in *forma pauperis*, who will make oath that he is "poor" and not of "sufficient ability," we shall encourage litigation, and the bar will have more *poor clients*, than ever. Five pounds sterling, may be too small a sum, but there should be some limit, and I am not sure that sound discretion would prescribe a much larger sum, than the old rule requires.

An application to sue in this form, may, and under our statute perhaps ought always, to be on motion in court; but then we ought to be informed, as is done, when the proceedings are by petition, in England, 2 *Arch. Pr. ch.* 13, *p.* 154, of the cause of action, &c. so that the court can judge whether it is a case of sufficient importance to justify the exercise of its powers under the statute. But in the case before us, we are ignorant of the cause of action, and the extent of the claim. All we know is, that the applicant sued Tindall in a court for the trial of small causes, and recovered a judgment for something, which upon an appeal, the Court of Common Pleas reversed. She now seeks to be permitted to sue out a *certiorari* to remove the proceedings into this court, in *forma pauperis*. It was said by NORTH, Justice, in *Mod.* 268, that "paupers ought not to be permitted to remove causes out of Inferior Courts; but ought to satisfy themselves with the jurisdiction within which their actions properly lie." But I do not go upon that ground, such a rule if it exists in England, is not applicable here. Our courts for the trial of small causes, have jurisdiction to a large amount in comparison to the sums cognizable before Inferior Courts in England; and a poor person, who has a just claim for fifty or an hundred dollars, is as much entitled to gratuitous relief, as if his demand was for a larger sum. My difficulty is, that the

applicant has not given us sufficient information, as to her poverty, and the nature and extent of her claim, to enable us, to exercise a sound discretion in the matter.

*Rule refused.*

FORD and RYERSON, Justices, concurred.