LAND, J.
Relator sued the defendant company for $25,000 damages for personal injuries sustained in the course of his employment. Relator represented in his petition that he was unable to pay costs or give bond for the same and was therefore entitled to the benefits of Act No. 156 of 1912, p. 223, and annexed to his petition the affidavits required by section 2 of that statute. The judge below refused to grant an order permitting the relator to litigate in the cause *645 without the payment of costs and giving bond for costs as provided in ordinary suits. Relator then applied to this court for a writ of mandamus to compel the granting of the order pursuant to said section.
[1] The petition and affidavits in the proposed suit disclosed that the relator, a mill workman, was a physical wreck as the result of injuries sustained through the alleged negligence of the sawmill company and was unable hy reason of his extreme poverty to pay costs or give bond for same as in ordinary cases.
The judge refused to grant the order prayed for on the face of the petition and affidavits.
The allegation of extreme poverty was not traversed and must be taken for true in the determination of the present application. The judge refused to grant the order required by section 2 aforesaid for the following reasons set forth in his letter to the attorneys for the relator, to wit:
“I have considered this application, and in view of the fact that it is a personal injury suit for recovery of $25,000, the probability of a considerable amount of costs to be incurred in the trial, and the fact that you gentlemen, who doubtless are able to secure the costs, having a contract for one-half of what may be recovered, I am led to the conclusion that the plaintiff should and could pay the necessary costs, etc., in the filing of this suit.”
Act No. 156 of 1912 was intended for the benefit of any litigant, “unable because of his- poverty” to pay costs or to give bond for the payment of costs. Section 1 further provides that attorneys at law, representing such litigants, “are prohibited from charging fees except such as are contingent upon the amount recovered.” The document annexed to the petition shows a contract for a contingent fee as prescribed by the statute.
[2] The reasons assigned by the judge are wholly insufficient to justify the denial of relator’s rights under .the provisions of Act 156 of 1912. The nature of the suit and amount claimed and the amount of probable costs do not affect the question of relator’s ability to pay costs or give bond for the same. The contract for a contingent fee does not obligate the attorneys to pay or to secure the costs of the litigation. On the face of the papers, the relator is a pauper, and the reasons assigned by the respondent judge do not affect his status as a pauper entitled to the benefits of the statute.
We have no concern with the policy of the. statute, and hardships its execution may impose on court officials fall within the category of damna sine injuria.
It is therefore ordered that a peremptory writ of mandamus issue as prayed for by relator.