(73 South. 312)

No. 21671.

SMITH v. LYON CYPRESS CO.

(April 3, 1916. Case Compromised and Dismissed Dec. 20, 1916.)

*(Syllabus by Editorial Staff.)*

1. APPEAL AND ERROR ☞389(1)—APPEAL BY PAUPER—TRANSFER OF INTEREST TO ATTORNEY—STATUTE.

Under Acts 1912, No. 156, relieving litigants from having to pay costs when incurred or to furnish bond if unable by reason of poverty, where plaintiff took advantage of the law and did not furnish a bond of appeal, her appeal was not subject to dismissal, because, prior to institution of suit, plaintiff had transferred to her attorney a half interest in the claim as a fee for his services to be rendered, while the attorney was not shown to be unable to pay costs or furnish bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072, 2073; Dec. Dig. ☞389(1).]

2. APPEAL AND ERROR ☞389(1)—APPEAL BY PAUPER—STATUTE.

Acts 1912, No. 156, not only relieves a pauper appellant from having to give bond for costs, but also from having to give bond for prosecution of the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2072, 2073; Dec. Dig. ☞389(1).]

3. STATUTES ☞184—CONSTRUCTION.

A statute will not be construed so as to defeat its evident object.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 262; Dec. Dig. ☞184.]

4. STATUTES ☞236—CONSTRUCTION.

A remedial statute will be liberally construed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 317, 324, 325; Dec. Dig. ☞236.]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. John the Baptist; John E. Fleury, Judge.

Action by Mrs. Cecile Smith against the Lyon Cypress Company. There was judgment for defendant, plaintiff appeals, and defendant moves to dismiss. Motion overruled.

Prentice E. Edrington, Jr., of New Orleans, for appellant. J. Zach Spearing, of New Orleans, for appellee.

PROVOSTY, J. [1] Act 156, p. 223, of 1912, dispenses litigants from having to pay costs at the time incurred, or to furnish bond for same, if unable by reason of poverty to do so. The plaintiff and appellant took advantage of this law, and hence did not furnish a bond of appeal. Appellee calls attention to the fact that prior to the institution of the suit plaintiff had transferred to her attorney in the case a half interest in the claim sued on, as a fee for the services to be rendered by him in the case, and argues that, under these circumstances, the suit is one by the attorney as much as by the client, and that therefore the attorney also should have been shown to be unable to pay costs or furnish bond, and that, this showing not having been made, and no bond for appeal having been given, the appeal should be dismissed.

Act 124, p. 210, of 1906, authorizes attorneys at law to "acquire as their fee * * * an interest in the subject-matter of the suit." In White v. McClanahan, 133 La. 396, 63 South. 61, it was held that this interest necessitated the recusation of the judge if related to the attorney within the recusation degree; and in Stiles v. Bruton, 134 La. 523, 64 South. 399, it was held that this interest could not be seized for the debts of the client. But the precise point now made by appellee came up in Loftin v. Frost-Johnson Lumber Co., 133 La. 644, 63 South. 252, and was decided adversely to appellee's present contention.

The contingent fee contract in the instant case is in the form of a transfer of a half interest, and counsel say that this feature was absent from the Loftin Case. But it was not. The attorney in that case had "a contract for one-half of whatever may be recovered," and that contract had been entered into under, and in accordance with, said Act 124 of 1906, which, as already stated, reads, that the attorney "may acquire * * * an in-

terest in the subject-matter." Therefore, the attorney in that case had "acquired an interest in the subject-matter" precisely as the attorney in the instant case has done.

[2-4] Another ground relied on for dismissal is that an appeal bond is required to be given, not only for costs, but also for prosecution of the appeal; and that the dispensation from having to give bond for costs does not include dispensation from having to give bond for prosecution of the appeal. The answer to this is obvious. The manifest object of said act is to enable a litigant to litigate who is unable to give bond. This object would be defeated by a construction which would require bond to be given, and a construction is not to be adopted which would defeat the evident object of the statute to be construed; and, besides, the said statute is remedial, and therefore should be given a liberal construction.

The motion to dismiss is overruled.