No. 2433
Second Circuit Appeal

STATE EX REL. ALLEN R. GENTRY v. JOHN F. STEPHENS AS JUDGE, ETC.

(June 30, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Costs—Par. 22.
The true intent of the act, No. 156 of 1912, Section 2, is not that "on presentation of such affidavit it shall be the duty of the District Judge * * * to enter an order," but that on presentation of such affidavit it shall be the duty of the District Judge to make inquiry into the facts of the case, and if, from such examination, he is convinced that the affiant is unable to pay costs or give bond for costs, he shall enter an order permitting the applicant to litigate without the payment of costs previously or as they accrue and without giving bond for such costs.

Application of the State on the relation of Allen R. Gentry for writs of mandamus and certiorari directed to Honorable John F. Stephens as Judge of the Tenth Judicial District Court of Louisiana in and for the Parish of Natchitoches.

This is a suit to compel the District Judge to grant an order permitting relator to file and prosecute a suit in forma pauperis. Application denied.

James W. Jones, Jr., attorney for relator.

S. R. Thomas, attorney for respondent Judge.

REYNOLDS, J. This is a proceeding brought for the purpose of compelling John F. Stephens as Judge of the Tenth Judicial District Court of Louisiana in and for the parish of Natchitoches to grant an order permitting relator to file and prosecute a suit in the District Court of Natchitoches parish in *forma pauperis* as provided by Act No. 156 of 1912 and amendments thereto.

The respondent Judge filed an answer in which he says in part:

"Further answering said article your respondent shows that after the presentation of said petition, that respondent investigated the liability of the said A. R. Gentry to advance costs and execute whatever bond might be necessary, and that upon such investigation, respondent became convinced that the said A. R. Gentry could advance costs and execute the necessary bond; that in addition to information received from talking with various citizens as to the ability of said Gentry to execute the bond, or advance the costs, respondent learned that said Gentry owned one hundred and twenty acres of land and some personal property, which was of a value in excess of any mortgage indebtedness existing against it; and being convinced from such investigation of the records and from information received from reliable sources and from inquiry into the facts of the case that said plaintiff was able to pay costs, or to give bond for same, your respondent refused to enter an order permitting the applicant to institute the suit in *forma pauperis*. Except as admitted each and

every allegation of fact contained in article 6 of relator's petition is denied."

"Answering article 7 of relator's petition, respondent shows that the said relator is an able bodied man, in the full vigor of manhood, can and does work, and earns fair wages; that the said relator goes well dressed and appears prosperous; being the most prosperous appearing and best dressed man in his neighborhood; that before denying the relief requested, respondent had due regard to the nature of the cause of action, the prospective costs and the means of the litigant to make payment of costs or provision for the payment of the same."

"Further answering, respondent avers that he is absolutely convinced that by reason of his refusal to sign the order, the defendant will suffer no injury whatever, but that he can and will advance whatever costs or execute whatever bond may be necessary if he really wants to file such proceeding."

In support of his finding as to relator's ability to pay costs or give security for payment thereof respondent Judge attaches to his answer the affidavits of B. S. Swett, Clerk of the Tenth Judicial District Court of Louisiana in and for the Parish of Natchitoches and A. R. O'Quinn, a deputy sheriff of the Parish of Natchitoches, as follows:

"State of Louisiana,
"Parish of Natchitoches.

"Before me, the undersigned authority, personally came and appeared B. S. Swett, Clerk of Court of Natchitoches parish, Louisiana, and A. R. O'Quinn, deputy Sheriff of Natchitoches parish, Louisiana, each of whom being by me first duly sworn, deposes and says.

"That he is well acquainted with A. R. Gentry, relator in suit against Hon. J. F. Stephens, Judge; that from information received from reliable sources and from the general appearance of said Gentry he is convinced that said Gentry can advance the necessary costs or furnish necessary bond in any suit he might wish to bring.

             B. S. Swett.
             A. R. O'Quinn.

"Sworn to and subscribed before me this the 22nd day of June, 1925.

             J. A. Gannon, Notary Public."
                  (seal)

Upon these issues the question for this court to decide is whether or not the court has the right to review the finding of fact of the District Judge who has made inquiry into relator's ability to pay costs or give bond for costs and found from such examination the relator is able to pay costs and give bond for costs.

Counsel for relator quotes section 2 of Act of 1912 as follows:

"Section 2 of Act 156 of 1912 states that 'on presentation of such affidavit, it shall be the duty of the District Judge * * * to enter an order' permitting him to litigate under the terms of this act."

This quotation from Section 2 of Act 156 of 1912 is like the play of "Hamlet" with Hamlet left out.

The true intent of the act, No. 156 of 1912, Section 2 is not that "on presentation of such affidavit it shall be the duty of the District Judge * * * to enter an order," but that on presentation of such affidavit it shall be the duty of the District Judge to make inquiry into the facts of the case and if from such examination he is convinced that the affiant is unable to pay costs or give bond for costs he shall enter an order permitting the applicant to litigate without the payment of costs previously or as they accrue and without giving bond for such costs.

The true intent of the act, we think, is that the District Judge shall make inquiry into the applicant's ability to pay costs or give security for their payment and after he has made such inquiry his discretion in permitting or refusing the application cannot be disturbed in the absence of a showing that he had abused his discretion.

The matter of granting or refusing the order is within the sound legal discretion of the District Judge and in the absence of a showing to the contrary it is impossible for us to decide on what evidence his finding was based; and we cannot say he has abused his discretion for we cannot know

on what evidence, disclosed by his investigation, he has based his conclusion that the relator was able to pay costs or give bond for costs.

Counsel for relator cites us to the case of Lofton vs. Frost-Johnson Lumber Co., 133 La. 644, 63 South. 252. That case has no application to the one at bar, for there it was admitted that the plaintiff was a pauper. He had entered into a contract with his attorney whereby his attorney was to receive one-half of any amount recovered in the suit as his fee, and the question presented was whether or not that fact deprived plaintiff of the benefit of Act 156 of 1912.

Counsel for relator also cites us to the case of Beuhler vs, Beuhler Reality Co. Inc., 155 La. 319, 99 South. 276. That case likewise has no bearing on the one at bar, for there the question was the right of plaintiff to prosecute an appeal without furnishing bond when she had previously been granted the right to sue in forma pauperis.

We have carefully read the cases of—.

Fils vs. Iberia & St. Martin Ry., 145 La. 554, 82 South. 697.

White vs. Walker, 136 La. 464, 67 South. 332.

Smith vs. Lyon Cypress Co., 140 La. 507, 73 South. 312, cited by counsel for relator; but these cases, in our opinion, like the two first above referred to, are not on a parity with the case at bar and have no application to the question here presented; for here the District Judge made the examination as to the relator's ability to pay costs or give bond for costs required by the act, and his finding from such examination was that the relator was able to pay costs and give bond for costs.

Relator's application for writs of mandamus and certiorari must, therefore, be denied.