## HOWARD v. WESTERN AUTO SUPPLY CO.

### No. 17212.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1939.

Schwarz, Guste, Barnett & Redmann and John Pat. Little, all of New Orleans, for appellant.

Gill & Simon, of New Orleans, and Jos. H. Baynard, of Baton Rouge, for appellee.

JANVIER, Judge.

Edward T. Howard, plaintiff, seeking recovery for the alleged illegal invasion of his home and seizure of a washing machine located therein and proceeding under the provisions of Act 156 of 1912, as amended, sought and obtained an order permitting him to litigate without the payment of costs in advance, or as they should accrue, and without the furnishing of bond.

Defendant, by rule nisi, challenged the right of plaintiff to proceed under the said statute (known as the "Pauper Act"), asserting plaintiff's financial ability to pay such costs.

After a trial of this rule, there was judgment maintaining the right of plaintiff to proceed under the said statute. Defendant has appealed.

We are not concerned with the merits of the controversy, but find our investigation limited to the question of whether or not plaintiff's financial status is such as to justify the invocation of the privilege granted by Act 156 of 1912, as amended.

Concerning his financial status, there was submitted an agreed statement of fact reading as follows:

"That he (plaintiff) is presently employed by the W. P. A. as a labor gang foreman; that he has been employed by the W. P. A. since its beginning; that his former occupation was dental technician; that his present income from his job as a W. P. A. employee is Fifty-seven dollars and nineteen ($57.19) cents per month when he works full time; that if the loss of time is not due to his fault, then he is permitted to make it up; that during the month of March when this suit was filed, his pay was Fifty-seven dollars and nineteen ($57.19) cents, received in two payments, the second of which fell between the 20th and 23rd of March; that he could not remember how much money he had on the day this suit was filed, namely the 24th of March; that he was married and had three (3) children, none of whom were working; that he lived with his wife's parents and paid them ten ($10.00) dollars per month rent; that he had no other income and owned no property other than a few household · furnishings, upon which there was still a balance due."

It is difficult, if not impossible, for us to believe that after plaintiff, from his meager monthly income of $57.19, which he receives only when he works full time, has paid the necessary cost of maintaining his family of five, there can be anything left for the payment of costs of litigation, and yet we realize that the income of plaintiff is probably more than is earned by countless thousands of other persons in the same social status and that many of these others are able, out of similar earnings, to pay the costs of such litigation as they may find it necessary to undertake. Still, we feel that our brother of the trial court must have

fully satisfied himself in the premises, and it is well established that, in such matters, the trial judge has discretion which should not be disturbed or interfered with unless there is a showing of manifest error.

In Singleton v. First National Life Insurance Company, La.App., 157 So. 620, 623, concerning the discretion of the trial court, we said:

"* * * when he enters his order permitting the applicant to litigate under the statute, it is presumed that he has convinced himself that the applicant comes within the terms and intent of the legislation."

And, in Nemarich v. Star Checker Cab Company, et al., La.App., 150 So. 862, 863, we quoted with approval from State ex rel. Gentry v. Stephens, Judge, 2 La.App. 460, the following language:

"* * * 'The true intent of the act, we think, is that the District Judge shall make inquiry into the applicant's ability to pay costs or give security for their payment and after he has made such inquiry his discretion in permitting or refusing the application cannot be disturbed in the absence of a showing that he had abused his discretion.'"

We do not think that there is a showing here that the trial judge has abused the discretion vested in him by law.

The judgment appealed from is affirmed.

Affirmed.