On June 21, 1920, Hamner Company obtained a judgment against plaintiff in this case and L.C. Crawley on a note claimed by Hamner Company to be a confession of judgment note. This judgment was acquired *Page 165 
by L. Boyd Hamner at receiver's sale on January 25, 1929. In order to keep the judgment alive and in full force, L. Boyd Hamner filed a suit on June 17, 1930 to revive said judgment and continue it in full force and effect for an additional ten years. Service was made on defendant, the plaintiff herein, and L.C. Crawley. No further action was taken in the case until March 25, 1938, when a preliminary default was entered and confirmed on March 29, 1938.
In 1943 L. Boyd Hamner caused a writ of fieri facias to issue under the judgment rendered March 29, 1938 and the Sheriff of Bienville Parish seized certain movable property belonging to Benie Evans, plaintiff herein. After the seizure of his property, Benie Evans filed the present suit to enjoin L. Boyd Hamner and the Sheriff from selling his property to satisfy said judgment, attacking the validity of the judgment on many grounds and pleading the prescription of ten years against the original judgment.
Plaintiff's contentions are set out in his brief as follows:
This is a suit brought by the Plaintiff-Appellee, Benie Evans, against Defendant-Appellant, L. Boyd Hamner, the record transferee of Hamner Company, Ltd., alleging that a writ of fieri facias and a seizure under the writ of plaintiff's property is null, void and of no effect for the reason that a judgment attempted to be revived in suit No. 9250 on the Docket of the Second District Court in and for Bienville Parish was null, void and of no effect in that the original judgment in suit No. 5920 on the docket of said Court, and sought to be revived in suit No. 9250 was null, void and of no effect for the reason that it was attempted to be rendered without service and citation upon the plaintiff, and without giving him an opportunity to appear and defend said suit, and upon a null and void attempted confession of judgment and waiver of citation made in contravention of Article 91 of the Constitutions of 1898 and 1913 in that the attempted waiver of citation and confession of judgment was attempted to be made upon February 14, 1920, upon a debt not then due, but due at some future date and time, and in violation of a prohibitory law, and which was due on October 15, 1920.
"In the alternative, that the attempted revival of said judgment is null, void and of no effect for the reason that the petition of revival was filed on June 17, 1930, and of which no personal service was made upon plaintiff and he never did know anything about any suit of revival pending against him until after he was served with the notice of seizure on September 1, 1943, and was later informed by his attorney that such suit had been filed; that after the suit No. 9250 (suit of revival) was filed and the proceedings had therein on June 17, 1930, it lay dormant until March 22, 1938, for a period far in excess of five years, when the names of Barnette Phelps were enrolled as attorneys for the said L.B. Hamner, and that subsequently, on March 25, 1938, a default was entered, and on March 29, 1938, when judgment was rendered confirming the default, and that accordingly the said judgment of revival should be set aside, avoided and decreed to be null, void and of no effect, the said L.B. Hamner having abandoned his demand by the elapse of more than five years without any action being taken by him, and there being nothing to render a valid judgment upon, and that consequently the said original judgment in said suit No. 5290 is prescribed by the prescription of ten years, which abandonment is five years, and the prescription of ten years was specially plead.
"Plaintiff further alleged that he had no opportunity prior to the rendition of the pretended judgment of revival on March 29, 1938, to file any motion or proceedings to have the said suit No. 9250 dismissed for lack and failure of prosecution for a period of more than five years for the reason that he had no knowledge whatsoever of the pendency of the said suit, no citation having been served upon him, and he knowing of no pretended domiciliary service, and that not even a notice of lis pendens was filed in the records of Bienville Parish, Louisiana, to notify the public or himself of the pendency of the suit, and that the said original judgment was not even reinscribed in the mortgage records of Bienville Parish, Louisiana.
"He alleged further in the alternative, that the corn, fodder, hay, cotton seed and other crops gathered and ungathered by him upon what is known as the Jack Johnson Place and Thurmond Place are all necessary for him and are necessary supplies for him in carrying on his farming operations for the current year, he having *Page 166 
a wife and/or family dependent upon him for support and being a farmer.
"By supplemental and amended petition he further alleged in the alternative that if for any reason the Court did not see fit to grant him the relief sought in Paragraph 4 and in the alternative in Paragraphs 5 and 6 of his original petition, then that the said judgment of revival is null, void and of no effect for the reason that a preliminary default was entered on Friday, March 25, 1938, and that before the elapse of two clear legal delays the said preliminary default was attempted to be confirmed and final judgment attempted to be rendered on Tuesday, March 29, 1938, contrary to the laws of the State of Louisiana, and especially Article 312 of the Code of Practice of Louisiana.
"After the filing of the suit all the property seized was released with the exception of the cotton and cotton seed."
Defendant herein answered denying all material allegations of plaintiff's petition and by supplemental answer set up the following defenses:
"6A. Further answering, defendant alleges that the suit entitled 'L.B. Hamner v. Bennie Evans et al', No. 9250 on the Docket of this Court for the revival of the judgment rendered in suit entitled 'Hamner Company v. Bennie Evans et al', No. 5290 on the Docket of this Court, was placed in the hands of his attorney, Bertram F. Barnette, to take the necessary legal action to have said judgment revived; that in the fall of 1930 the said Bertram F. Barnette informed his Agent, W.L. Hamner of Gibsland, Louisiana, that the suit had been filed and judgment rendered reviving the above mentioned judgment.
"6B. Further answering, defendant alleges that his said attorney, Bertram F. Barnette, died on the 28th day of November, 1936, and your defendant, through his agent, W.L. Hamner, employed Wm. B. Phelps, attorney at law, to take over and handle his legal business and his said Agent and attorney in checking through the files in his former attorney's office discovered that the judgment reviving the judgment hereinabove mentioned had never been rendered, which was the first knowledge that your defendant or his Agent had that the said judgment had not been revived, and that defendant and his Agent, W.L. Hamner, used due diligence in this matter and the only reason the same was not attended to was because of the neglect of his attorney, Bertram F. Barnette."
The lower court rendered judgment for plaintiff sustaining the plea of abandonment and held that Saturday was a legal holiday and that the judgment rendered March 29, 1938 was null and void. The judgment for the above reasons enjoined the defendant Hamner and the Sheriff from selling the property of plaintiff which had been seized. Defendant is now prosecuting this appeal.
In this court plaintiff has abandoned all other attacks made on the judgment except the two sustained by the lower court. We find it unnecessary to pass upon but one of these questions as, to our minds, it forever disposes of the case, viz., the question of abandonment by allowing five years to elapse after the filing of suit before any further action was taken therein. The record discloses that Hamner on June 17, 1930 instituted a suit to revive the judgment rendered June 21, 1920 and that no further action was taken in the suit until March 25, 1938, nearly eight years after, when default was entered and confirmed on March 29, 1938.
In a case similar in many respects to the one at bar, that is, Sandfield Oil Gas Co. v. Paul, 7 So.2d 725, 726, we held:
"7. Under statute regarding abandon-merit of suit for failure to take steps in prosecution thereof for five years, no action is required of defendant for plaintiff to abandon his suit, but 'abandonment' results as a legal consequence of plaintiff's inaction in failing to prosecute for period of five years. Rev.Civ. Code, art. 3519.
"8. Under statute regarding abandonment of action, where plaintiff has been inactive in prosecution of suit for period of five years, if defendant desires to have the suit stricken from the docket he has that right, but by failing to do so he does not 'waive' his right for no further action can be taken in the suit. Rev.Civ. Code, art. 3519.
"See Words and Phrases, Permanent Edition, for all other definitions of 'Waive'."
In that case we attempted to review the jurisprudence of the State, pro and con, on the subject and came to the conclusion above quoted. In that case we referred to an early decision of this court in which we held differently, viz., Harrisonburg-Catahoula *Page 167 
State Bank v. Meyers, 185 So. 96. Although we called attention to the variance in the ruling in the two cases, we did not specifically overrule the Harrisonburg-Catahoula State Bank case, but we do now overrule that decision.
Defendant's contention that the inaction was the carelessness of his attorney and that he should not be forced to suffer for it is without merit. He testified in the case that he turned the matter over to his attorney in 1930 and never heard any more of it. He did not contend on the witness stand that his attorney did anything to mislead him, neither did he contend that he ever inquired about the case after he placed it in his attorney's hands.
In Bell v. Staring et al., La. App., 170 So. 502, 504, the court held that the plaintiff may rebut the presumption of abandonment by showing that the failure to prosecute the suit was caused by circumstances beyond his control and the failure to prosecute the suit must be attributable to the failure or neglect of the plaintiff to take some action in court whereby the case would be hastened to final judgment. Defendant herein has failed to show that his failure to prosecute the suit was beyond his control and clearly defendant was neglectful of his interests in not finding out why his attorney did not take some action in the case.
Also, in Bell v. Staring, supra, the Court said: "If plaintiff has it within his power to take some action to further his suit to final judgment, no neglect or failure of a court official, nor misapprehension of fact on his part, will justify his failure to take steps in the prosecution of his suit for more than five years." Citing Nix v. Lancaster 
Wright, Receivers, 3 La. App. 402; and Landry v. Dore, La. App., 149 So. 321.
In Jesse Nix v. J. L. Lancaster et al., 3 La. App. 402, this court, in passing on a similar question, said: "The burden, therefore, of keeping the suit alive is laid upon the plaintiff and not upon the attorney he employs. If he allows five years to elapse without taking any steps, he is considered as having abandoned his case. If we should hold that a plaintiff is not responsible for such neglect on account of the death of his attorney we would read into the law something which is not there. Where the law is plain courts cannot deviate from it."
The lower court was correct in holding that defendant abandoned his suit to revive the judgment by allowing five years to elapse after filing suit without taking any further action therein, and that the judgment rendered on March 29, 1938 is null and void, the original judgment, being twenty-three years old, is prescribed and the prescription of ten years is well-founded.
The judgment of the lower court is therefore affirmed, with costs.