FLOR CAMACHO, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent.

No. 1700. Argued November 3, 1947.—Decided November 26, 1947.

752

*Benigno Dávila* for petitioner.

Mr. Justice Snyder delivered the opinion of the Court.

Flor Camacho presented a complaint in the district court for a divorce on the ground of separation. He alleged that he has five children, three of whom are living with him. He also filed a motion for leave to sue *in forma pauperis* in which he swore that "he is poor in the sense that he does not receive income or emoluments of any kind except what he scarcely earns to live". Two other persons filed affidavits in support of this motion, reciting that the plaintiff earns "scarcely enough to live and to provide for the most urgent needs of himself and his family, and lacks the resources to pay for the expenses of litigation, or any other expenses in the courts". The district court denied the motion.

Camacho moved for reconsideration, attaching two additional affidavits, including one from the Mayor of his town, to the effect that "he is a very poor man, who works for a daily wage, that he works only two or three days a week, so that he scarcely makes enough to live and to pay for the needs of himself and his family; that he is insolvent and lacks the resources to pay for extraordinary expenses outside of those to sustain himself and his family . . .". The dis-

trict court overruled the motion for reconsideration. We granted certiorari to review this action of the lower court.

Section 7 of Act No. 17, Laws of Puerto Rico, 1915 (p. 44), as amended by Act No. 58, Laws of Puerto Rico, 1942, (p. 568), reads in part as follows:

"Any person residing in Puerto Rico who desires to commence a civil action, but is unable to make the payment of fees required by this Act, may present to the secretary an affidavit setting forth the fact of said inability, together with a copy of his proposed complaint and the secretary shall thereupon submit said affidavit and said complaint to the judge of said court, and the said judge may, if he deems the complaint sufficient in law, permit the filing of said complaint, and thereafter the plaintiff shall be entitled to all of the services of all court officers, and the benefits of all writs and processes, the same as if all fees were paid. . . ."

The district court did not give its reasons for refusing the motion of Camacho to sue *in forma pauperis.* However, as the proposed complaint is "sufficient in law", we assume the lower court felt that the plaintiff had not made a satisfactory showing that he was "unable to make the payment of fees required" by Act No. 17.

No case has been cited interpreting inability to pay under Act No. 17. But in a similar situation in criminal cases, we have indicated that the petitioner is not required to show he is absolutely insolvent, destitute and without the necessities of life. Rather the requirement is that by reason of poverty he is unable to pay the fees. *People* v. *Pagán,* 48 P.R.R. 278; *Berríos* v. *Garáu,* 44 P.R.R. 753. See *People* v. *Lawton,* 46 P.R.R. 178, and *People* v. *Ramos,* 48 P.R.R. 205. As the court pointed out in *Fils* v. *Iberra, St. M. & E. R. Co.,* 82 So. 697, 700 (La. 1919); "For being entitled to sue *in forma pauperis,* it is not necessary that the would-be litigant should be destitute even of a mattress upon which to lie, or a table upon which to eat, or a chair upon which to sit." See Annotation, 6 A.L.R. 1281.

■ It should be understood that we do not intend to open the door to a flood of civil litigation *in forma pauperis* by those, who, although living in modest circumstances, are able, even though with some difficulty, to pay for the costs of such litigation. The question must always be determined in the light of local conditions and in the discretion of the trial court. See *Howard* v. *Western Auto Supply Co.*, 192 So. 137 (La. 1939); *Alexander* v. *Superior Court*, 84 P.(2d) 1061 (Calif. 1939); *Van Benthuysen* v. *Gengler*, 100 S.W. (2d) (Tex. 1936). Moreover, this privilege must be strictly confined and the court's discretion "should be used with the utmost care, to the end that unworthy persons who are neither indigent nor possessed of substantial rights may not enjoy this privilege." *Majors* v. *Superior Court*, 184 Pac. 18, 22 (Calif. 1919).

■ In this case the lower court may have felt that the plaintiff should have given in detail his earnings and expenses as well as state affirmatively as he did here that he had no property or means other than his daily earnings. Indeed, we deem it desirable for trial courts to require all this information. But here the lower court never indicated to the plaintiff why it twice refused his motion. He did produce proof that his only means consisted of earnings as a day worker two or three days a week. And since he signed his motion with a mark, he is presumably illiterate and his earnings are doubtless meagre. Under all these circumstances, we believe the motion should have been granted. However, we emphasize once again that this privilege must be strictly construed and that the trial court should not grant such motions on a bare declaration of inability to pay the costs but should require both an affirmative statement as to ownership of property and a specific and detailed listing of earnings, expenses, assets and other means, to enable the court to exercise its discretion intelligently upon applica-

tions to sue *in forma pauperis*. See *Sears* v. *Tindall*, 15 N. J.L. 399 (1836), as found in 6 A.L.R. at 1286.

The order of the district court will be vacated and the case remanded with directions to grant the motion of the plaintiff for permission to sue *in forma pauperis*.