## NEMARICH v. STAR CHECKER CAB CO. et al.

### No. 14698.

Court of Appeal of Louisiana. Orleans.

Nov. 27, 1933.

Richard A. Dowling, of New Orleans, for appellant.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for appellees.

HIGGINS, Judge.

Plaintiff brought an action ex delicto to recover damages for alleged personal injuries and claimed the right to be relieved of paying the costs of court, or furnishing bond to secure the payment thereof, under the provisions of Act No. 156 of 1912, generally referred to as the forma pauperis statute.

The defendant filed a rule to test the plaintiff's right to the benefit of the provisions of the act. After hearing evidence on this issue, on May 12, 1933, the trial judge entered the following order: "Rule absolute and plaintiff directed to pay the costs within ten days, and, in default of that, the suit will be dismissed, and that he be required to give security for costs."

The plaintiff having failed to comply with the order of the court, another rule was taken on June 2, 1933, to show cause why the suit should not be dismissed and, after a hearing thereon, the case was dismissed on June 8, 1933. The plaintiff has appealed.

On the original hearing the plaintiff testified that he was employed as a seaman by the United Fruit Company at a salary of $50 per month and board and lodging; that his ship had arrived in port on May 11, 1933, the day before the rule was tried, and that he

expected to go to sea on another vessel on May 13, 1933; that while he was on the list of regularly employed seamen of the company, sometimes he had to wait in order to be sent on another vessel; that he was single and had no dependents; and that he had no real or personal property, nor any cash. The costs of court would have amounted to about $23.

In interpreting the provisions of Act No. 156 of 1912, the court, in the case of State ex rel. Gentry v. Stephens, Judge, 2 La. App. 460, in denying relator's request for a writ of mandamus to compel the district judge to permit the plaintiff to file the suit in forma pauperis, said: "The true intent of the act, we think, is that the District Judge shall make inquiry into the applicant's ability to pay costs or give security for their payment and after he has made such inquiry his discretion in permitting or refusing the application cannot be disturbed in the absence of a showing that he had abused his discretion."

In the instant case the two rules were passed upon by different district judges, and both reached the same conclusion. Under the circumstances we do not feel that we should interfere, as the judge who saw and interrogated the plaintiff was of the opinion that he was able to pay the costs of court.

The judgment appealed from is affirmed.

Affirmed.