## SCHANEVILLE v. TOYE BROS. YELLOW CAB CO.*

### No. 16568.

Court of Appeal of Louisiana. Orleans.

April 5, 1937.

Maurice B. Gatlin, of New Orleans, for appellant.

David Sessler, of New Orleans, for appellee.

WESTERFIELD, Judge.

Eugene V. Schaneville brought this suit against Toye Bros. Yellow Cab Company for damages ex delicto in the sum of $50,000. An order was obtained permitting the prosecution of the suit "in forma pauperis" pursuant to the provisions of Act No. 156 of 1912. The defendant filed a rule to show cause why the order thus obtained should not be rescinded as having been improvidently granted and plaintiff ordered to pay the costs of suit. This rule was made absolute by judgment rendered October 9, 1936. Plaintiff prosecuted this appeal.

On March 19, 1937, five days before the hearing in this court defendant filed a motion to dismiss the appeal upon the ground that the judgment appealed from was an interlocutory judgment from which no appeal was permissible. The motion to dismiss the appeal was argued with the merits.

On Motion to Dismiss.

Article 566 of the Code of Practice provides:

"One may likewise appeal from all interlocutory judgments, when such judgment may cause him an irreparable injury."

It appears to us that a judgment denying to a plaintiff the right to prosecute a suit in forma pauperis is one which works irreparable injury to a party entitled to the benefits of Act No. 156 of 1912 permitting impoverished persons to litigate without the payment of costs. It is evident that one who is unable to obtain the necessary amount of money to pay costs of court as they accrue is irreparably injured by a judgment which prohibits him from the prosecution of his claim without the payment of money which he is unable to obtain. The motion to dismiss is, therefore, overruled.

On the Merits.

Counsel for appellant complains in his argument in this court of the failure to obtain a jury trial of the issue of the plaintiff's insolvency. Without discussing the right of plaintiff to have issues of fact presented in summary proceedings tried by a jury, we observe that no effort was made in the court below to obtain a jury and plaintiff went to trial without objecting to the form of procedure. If there was ever any right to a jury, it has been waived and cannot be revived by an oral request in argument in an appellate court. Article 494 of the Code of Practice provides that "the plaintiff who wishes for a jury must pray for the same, either in his original petition, or by a supplemental petition, which must be presented before the suit be set for trial." Counsel for plaintiff says that he is within the provisions of this article because he prayed for a jury in his original petition. He is mistaken in this because the prayer for a jury in the original petition could not have had any reference to the issue presented upon the rule to test the financial ability of plaintiff to pay costs, since that issue was raised only by a subsequent rule to show cause filed by defendant.

Plaintiff, Eugene V. Schaneville, was employed by the Federal Works Progress Administration as an "area time-keeper" at a salary of $90 per month. He has a wife and an eighteen year old son. He rents a home for $20 per month and sublets two of the rooms to roomers for $12 per month. His son is working and earning $7 per week. He owns and operates an automobile which he uses for his own pleasure and that of his family and for the entertainment of his friends.

In Nemarich v. Star Checker Cab Company, 150 So. 862, 863, this court quoted the following from State ex rel. Gentry v. Stephens, Judge, 2 La.App. 460 (Second Circuit):

"The true intent of the act [Act No. 156 of 1912], we think, is that the District Judge shall make inquiry into the applicant's ability to pay costs or give security for their payment and after he has made such inquiry his discretion in permitting or refusing the application cannot be disturbed in the absence of a showing that he had abused his discretion."

We held in the Nemarich Case that an unmarried seaman earning $50 per month and his board and lodging, without real or

466

personal property, did not come within the provisions of the act. In the instant case, it would appear that a litigant with a salary of $90 per month, plus a small income from the rent of two rooms with a dependent wife and an eighteen year old son earning $7 per week, who is able to maintain an automobile for the use of his family and friends cannot be considered as one who "by reason of his poverty" is unable to pay the costs of court. Certainly, it cannot be said that the trial judge has abused his discretion in ordering such a litigant to pay the costs of court.

For the reasons assigned, the judgment appealed from is affirmed.

Motion to dismiss denied.

Judgment of trial court affirmed.