HARDY, Judge.
This is a suit for the recovery of damages allegedly resulting from personal injuries sustained by plaintiff while a fare-paying passenger on a trolley bus of defendant. From judgment in favor of plaintiff in the sum of $145, the defendant has appealed.
Plaintiff alleged and testified that the accident occurred shortly after he boarded an inbound trolley bus of defendant at the intersection of Vine Street and Highland Avenue in the City of Shreveport shortly after 10:00 o’clock, A.M., on December 22, 1958; that the accident was due to the improper and negligent operation of the bus, which was suddenly started at an excessive rate of speed, causing plaintiff to lose his balance and be thrown against an upright metal rod designed for the assistance of passengers.
Defendant urges that plaintiff has failed to sustain the burden of proof as to the occurrence of the accident. Our examination of the record convinces us that defendant’s position in this respect is amply substantiated.
The only witnesses produced on trial of the case, with reference to the alleged accident, were plaintiff and the operator of the bus. The gist of plaintiff’s testimony is that the accident occurred immediately after he boarded the bus, despite which he continued the trip to the downtown section of Shreveport and only then did he report the accident to defendant’s driver and immediately thereafter returned to the Highland Hospital, where he was examined by Dr. Gosslce, an orthopedic specialist. Plaintiff further testified that at the time of boarding the trolley he observed no vacant seats and it must be assumed that the vehicle was occupied by a large number of passengers, some of whom could and, unquestionably, would have noted the occurrence of any untoward incident such as that described by plaintiff. Despite this fact plaintiff waited until all the passengers had been discharged at the last downtown stop of the trolley, at which point it changed its route, before he reported the accident. We think it is further significant *747 that although the alleged accident occurred at a point only a few hundred feet from the Highland Hospital, plaintiff made no effort to report the accident at the time of the occurrence, which would have permitted him to immediately disembark from the bus and procure treatment of his alleged injuries.
Without the necessity for further discussion it suffices to say that the plaintiff’s testimony is so fraught with inconsistencies, so palpably incredible, so utterly unreasonable, that it is deserving of not the slightest consideration, and, accordingly, we have no hesitancy in rejecting the substance and effect of such testimony, in toto.
We note the observation in the opinion of the trial judge that the testimony of Dr. Gosslee to the effect that plaintiff was injured at the time of his examination could not be ignored; citing Finley v. Hardware Mutual Ins. Co., 237 La. 214, 110 So.2d 583. It must be emphasized that the holding of the Supreme Court, as evidenced by its opinion in the cited case, had no bearing upon the factual circumstances of the occurrence of the accident but related only to the weight accorded the medical evidence. In the instant case, of course, there is no doubt as to the fact that Dr. Gosslee found that plaintiff was suffering from some injury, but certainly this witness did not and, indeed, could not testify that the injury had been sustained in an accident such as plaintiff described. We hold that no such accident occurred and it must therefore be assumed that the injuries discovered by Dr. Gosslee were attributable to some other incident or circumstance.
It is further observed that the judge of the trial court declared the testimony of this plaintiff could not be ignored by reason of the accepted rule that courts will not impute perjury to apparently credible witnesses; citing Farley v. Ryan Steve-doring Co., Inc., 238 La. 1048, 117 So.2d 587. We find no necessity for consideration of any imputation of perjury, but, as above stated, we find nothing probable, reasonable nor credible in connection with plaintiff’s testimony.
We think the judgment appealed from is manifestly erroneous, and accordingly it is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of defendant rejecting plaintiff’s demands at his cost.