FRUGÉ, Judge.
The plaintiff is appealing from an order of the trial court revoking a previous order allowing him to sue in forma pauperis, and ordering him to give a cost bond, for a jury trial, of $1200.00 within ten days or suffer the dismissal of his suit. Plaintiff is suing for damages alleging personal injuries sustained in an automobile accident on June 30, 1967.
*242 The only question to be decided is whether the plaintiff is financially able to give the bond for $1200.00.
At the time of the filing of suit on November 17, 1967, plaintiff was a dental student at Loyola University in New Orleans. At the time of the hearing, in June, plaintiff was home for the summer vacation, and was working at a local industrial plant in the Lake Charles area.
Testimony adduced at the hearing revealed that plaintiff worked in the summer months in an attempt to help in the financing of his education and to support his wife and child, but during the rest of the year he was not employed. Plaintiff owned no property, nor an automobile, and managed to pay the tuition, supplies and living expenses, over and above what he made in the summer months, through loans.
There was testimony that for the first and second weeks of work, checks of $175.-00 and $129.00, respectively, were brought in, but the court accepted the allegations of plaintiff that his actual take-home pay was regularly $91.00 per week for the thirteen-week summer work.
After considering the facts, the lower court ruled that the order allowing the plaintiff to proceed in forma pauperis should be set aside on the grounds that plaintiff had sufficient income so as to disqualify him from the provisions of law allowing him to proceed in such manner. See C.C.P. Arts. 5181 et seq. (1960).
It is without a doubt that the lower court has much discretion in matters of this kind. Best v. J & B Drilling Co., 152 So.2d 119 (La.App.3d Cir., 1963), and Schaneville v. Toye Bros. Yellow Cab Co., 173 So. 464 (La.App., 1937). As was noted in Dilley v. Phillips Petroleum Co., 24 So.2d 209 (La.App. 1st Cir., 1945), the purpose of the statutory provisions is to permit a person who is unable to pay court costs, or give bond therefor, to prosecute his claim in the courts of the state so as not to deprive him of the opportunity of having his claim adjudicated simply because he is in the unfortunate position of being financially unable to meet the requirements of asserting' his claim in the courts. The trial judge has the right, and it is his duty to see, that the privileges granted by this act are not abused and that the officers whose services are required to be rendered free of charge are not imposed upon.
After considering the evidence, this court feels that to insist that plaintiff furnish the bond within ten days or have his suit dismissed would unjustly deprive him of his right of access to the courts. Plaintiff works only in the summer months, his desire for educaton preventing him from fully supporting himself year-round.
Each case of this nature should be taken on its own facts. It should be decided in light of what the purpose of the statutory provisions seems to us to be. In this case it is granted that the plaintiff makes $91.00 a week for some thirteen summer weeks, but for the rest of the year he lives on this income and money that he is able to borrow. This court remembers that the life of a student is seldom one of luxury, and to deprive this student of the little that he has in income, would not seem to us to be the law’s intention. The purpose of the statute is to aid such' people, at least temporarily, in exercising their rights. To allow this plaintiff such a privilege seems to us to be fully within the purpose and intention behind the statutes.
In our research, we were unable to find any cases on similar facts from which we might find guidance. Having applied the general principles of the cases previously cited, we feel the decision arrived at is the only proper one. Should plaintiff be successful, costs will be paid, and as well, should he not be successful, the law requires that he then pay costs. Therefore, this is only a temporary allowance to plaintiff so that he may not lose this cause through his momentary inability to main *243 tain himself financially in regard to the exercise of his legal privileges.
For the foregoing reasons the order appealed from is set aside and the case is ordered remanded to the district court to be proceeded with in forma pauperis.
The cost occasioned by the traverse of the affidavits on which the plaintiff was formerly originally allowed to proceed in forma pauperis, including the cost of the present appeal are to be borne by the defendant; all other costs are to abide the final disposition of the case.
Reversed and remanded.