220 So.2d 175 (1969)
Dennis HOLLIER, Sr., Plaintiff-Appellant,
v.
Curtis BROUSSARD, Sr., et al., Defendants-Appellees.
No. 2634.
Court of Appeal of Louisiana, Third Circuit.
March 12, 1969.
*176 John Rixie Mouton and Ronald E. Dauterive, Lafayette, for plaintiff-appellant.
Earl H. Willis, and Paul Hardy, St. Martinville, for defendants-appellees.
Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
The plaintiff's appeal concerns his right to proceed in forma pauperis. LSA-CCP Arts. 5181-88. After evidentiary hearing, the trial court rescinded its previous order permitting the plaintiff to proceed without paying court costs in advance or furnishing bond to secure their payment.
On his appeal, the plaintiff contends that the trial court erred in rejecting his uncontradicted testimony of lack of income.
The plaintiff brings suit for personal injuries sustained in an alleged beating by Messrs. Curtis Broussard Senior and Junior. At the time of filing suit, he prayed for a jury trial and the right to proceed in forma pauperis. By ex parte order, the court granted these requests. The defendants then traversed his affidavits of property.
The sole evidence at the hearing consisted of the testimony of the plaintiff under direct and cross-examination. It shows the following:
Until shortly before the suit, the plaintiff had been employed at wages of $500 per month. However, he was injured and totally disabled in an industrial accident (unconnected with the present suit), six weeks prior to filing the present claim.
The motion to traverse was tried four months after the suit and poverty affidavits were filed. At the time, the plaintiff had no earnings. However, his wife ran a *177 beauty shop. The plaintiff stated that she "reported" earnings of $2,000 per year. Allegedly, these earnings, and loans from their grown children, comprised the entire means of subsistence for himself and his wife at the time of suit. No workmen's compensation was being paid at the time of trial.
The plaintiff admitted to household expenses of $200 per month, including rent for his home. The main additional expense was the payment of monthly installment notes of $119 for a 1968 Chrysler purchased just two weeks before the disabling industrial injury. At the time of trial, the plaintiff had made two installment payments before filing suit, and he made three more afterwards. He stated that he had borrowed a little on the last two. He was not delinquent at the time of trial.
The only other property owned by the plaintiff was an old station wagon, formerly used by him to go to work. The plaintiff and his wife owed debts of four hundred dollars to a doctor, fifty dollars to a painting contractor, and ninety dollars to a third creditor.
If this showing were accepted by the trial court as accurate, then, quite probably, the plaintiff is entitled to proceed in forma pauperis.
As directed by the legislative intent, the statutory privilege is to be interpreted liberally in favor of giving indigent persons their day in court. Harrison v. Jones, 187 La. 489, 175 So. 37. The fact that other persons have assisted or are assisting the party unable to pay the costs of court does not detract from his poverty, within the intent of the statute, nor deprive him of its privileges. Fils v. Iberia, St. M. & E. R. Co., 145 La. 544, 82 So. 697. The fundamental legislative purpose is to assure that no person is deprived of the opportunity to have his claim adjudicated because his unfortunate financial circumstances prevent him from satisfying the bond and cost requirements of litigation. Gilmore v. Rachl, 202 La. 652, 12 So.2d 669; Crawford v. Government Employers' Insurance Co., La.App.3d Cir., 219 So.2d 241 (Rendered February 14, 1959); Dilley v. Phillips Petroleum Co., La.App.1st Cir., 24 So.2d 209.
The general approach illustrated by the cited decisions is to balance against income the needs of living and of paying other debts and expenses, and then to determine whether the residual income (or savings or surplus property) is adequate to pay the expected costs of litigation or to furnish a bond therefor. Tested by this method, the defendant has not borne its burden of traversing the plaintiff's affidavits of povertyif, indeed, the plaintiff's testimony is truthful.
However, the trial court did not accept as credible the plaintiff's testimony as to his lack of income. When queried as to the community income[1] resulting from the wife's operation of her beauty shop, the husband stated that she "reported" income of two thousand dollars annually. (The trial court: "That may not be the answer to the question" as to how much her income was).
After the plaintiff indicated he did not know how much his wife earned from the beauty parlor, the trial court questioned him: "Where is the money coming from? [i. e., to pay the notes on the large automobile and the costs of running two vehicles, together with living expenses.] * * Now, you are not going to make me believe that you don't know how much your wife is earning, if you are living together and she is putting up the money to pay all these bills. You don't need to think that I am going to believe that you do not know how much she makes, because I do not believe it. She might not be telling you every penny, but you must have a pretty good idea of about how much she makes, and you are not telling me that."
*178 Additionally, although the plaintiff testified he had borrowed from their sons to pay the notes, he testified that he owed one son only fifty dollars and that he did not know how much his wife owed her son from another marriage. This lack of debt or lack of knowledge casts some doubt upon his testimony's fullness of revelation as to his income.
We are unable to hold that the trial court committed manifest error in construing the testimony of the plaintiff, in the context of the entire circumstances reflected by it, as showing that the community earnings were substantially in excess of that which the plaintiff testified. The uncontradicted testimony of a witness should normally be accepted as truthful. Olds v. Ashley, 250 La. 935, 200 So.2d 1. Nevertheless, this principle does not apply when the record reflects circumstances reasonably casting doubt upon the credibility of the witness. Rabalais v. Shreveport Transit Co., La.App.2d Cir., 121 So.2d 746.
In determining whether a person is entitled to litigate as a pauper, the trial court has some discretion to restrict it to litigants "clearly entitled to it, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or furnish security therefor * * *." LSA-CCP Art. 5182. This discretion should not be disturbed in the absence of abuse. Best v. J. & B. Drilling Company, La.App.3d Cir., 152 So.2d 119; Nemarich v. Star Checker Cab Co., La.App. Orl., 150 So. 862.
Under the allegations of the petition, the cause of action is founded upon a battery which caused $156.10 medical expenses and one month's loss of work some eleven months before the suit was filed. Except for the plaintiff himself having demanded a jury trial, LSA-CCP Art. 1732, the probable expenses of litigation are relatively light.
Because of the trial court's factual finding and because of the nature of the proceeding before us, we are not prepared to hold that the trial court abused its discretion in rescinding its order permitting this suit to be prosecuted in forma pauperis. We therefore affirm its judgment to this effect.
The judgment of the trial court ordered the dismissal with prejudice if the plaintiff failed to pay all costs to date and all future costs, within fifteen days from date of its finality. The judgment should be revised to correct a technical insufficiency.
When an action is dismissed for procedural insufficiency and not on the merits, normally it should be dismissed without prejudice to its renewal[2], since no adjudication has taken place on the merits. Manuel v. Deshotels, 160 La. 652, 107 So. 478; DeSalvo (Burglass) v. Waguespack, La.App.4th Cir., 187 So.2d 489; 27 C.J.S. Dismissal and Nonsuit § 73.
Decree.
For the reasons stated, we affirm the judgment of the District Court, but it is revised to provide that upon the plaintiff's failure to furnish security for or pay in advance, as required by law, all costs of these proceedings accrued or to accrue, within fifteen days after the decree of this court becomes final and executory, LSA-CCP Art. 2167, then this suit may be dismissed without prejudice at the plaintiff's cost. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed, as revised.
NOTES
[1] Civil Code Article 2334, as interpreted by Houghton v. Hall, 177 La. 237, 148 So. 37.
[2] Whether the filing of the first (dismissed) suit interrupts prescription and saves a second suit filed after the prescriptive delay presents a different question. LSA-Civil Code Articles 3518, 3519. Cf. 28 La.L.Rev. 396 (1968).