TATE, Judge.
This is a suit by a wife against her husband’s liability insurer. She claims damages caused by her husband’s alleged negligence. She demanded and was accorded a jury trial. She appeals from the dismissal of her suit.
The chief issues of this appeal are factual. She contends the trial jury erred in not accepting uncontradicted testimony proving negligence of her husband.
The accident was caused when the wife received an electric shock from an electric oven, causing her to drop hot grease on herself. She alleges that the shock resulted from her husband’s negligence in working over the electrical connections to the oven shortly before the accident.
The uncontradicted testimony of the spouses shows: Because the oven failed to heat up, the husband had disconnected the electrical connections and had inspected them. Finding nothing wrong visually, he reconnected them. The wife received the shock three or four days later, when she attemped to open the oven for the first time after her husband’s reconnection.
The husband testified that, after the accident, he found the ground wire loose when he again disconnected the oven. He did not actually discover the wire disconnected, but he surmised it had not been properly connected because it pulled free without resistance, unlike the other two properly connected electrical wire connections.
The husband testified that a loose ground wire could cause the shock through the escaping electricity. He explained his own failure to receive a shock on the two oc *122 casions when he touched the oven door, before and after his wife’s accident, as resulting from he himself wearing rubber-soled shoes.
The matter was submitted to the trial jury for it to return special verdicts. LSA-CCP Art. 1811. One of the special verdicts submitted to the jury was: “Was Richard Sarvaunt [the husband] negligent and, if so, was such negligence a proximate cause of the accident?” The jury’s written finding was, “No." Based upon this finding, the trial court entered judgment dismissing the wife’s suit.
The wife contends that the trial jury committed manifest error in not accepting the uncontradicted testimony of the husband indicating his own negligence. Olds v. Ashley, 250 La. 935, 200 So.2d 1. While the trier of fact need not accept un-contradicted testimony where there are circumstances casting doubt upon the credibility of the witnesses, Rabalais v. Shreveport Transit Co., La.App. 2d Cir., 121 So.2d 746, the jury may well have accepted the husband’s testimony as truthful, but nevertheless found that it did not sufficiently prove that he had been negligent.
The plaintiff is relying upon circumstantial evidence to prove that the husband’s reconnection of the ground wire had been faulty. The oven had not shocked her before the husband worked on it, and it did afterwards. Further, a suggestion from the husband’s testimony is that the ground wire may have been faultily reconnected (so as to let electricity escape and cause the shock) because, after the accident, it pulled free readily when he tugged on it.
On the other hand, even before the husband had worked on it, the oven was malfunctioning due to some electrical deficiency. Likewise, the husband himself had not been shocked by the oven door when he touched it before and after his wife’s misadventure. The husband frankly admitted that he did not know whether the wires were properly connected or not. The electric oven was disconnected and never used again after the wife’s accident.
The plaintiff is required to prove by a preponderance of the evidence that tortious conduct caused her injuries. Whether by direct or circumstantial evidence, this simply means that she must prove that it was more probable than not that the husband’s negligent conduct was the cause of her injuries; that the circumstantial evidence excludes other reasonable hypotheses with a fair amount of certainty. Naquin v. Marquette Casualty Co., 244 La. 569, 153 So.2d 395.
Under the evidence before it, we are unable to hold the trial jury committed manifest error in failing to find preponderantly proved the husband’s failure to properly reconnect the ground wire. The jury could reasonably have ascribed some other malfunction of the defective electric oven to be as probable a cause of the wife’s accident. This is especially so in view of the testimony of the husband’s expertise in electric wiring, by reason of which the jury may have found it unlikely that he would have been so careless in this routine reconnection.
In reviewing jury verdicts, an appellate court should not disturb such factual findings in the absence of manifest error and if grounded upon evidence in the record which could be reasonably evaluated by the trier so as to sustain its verdict. Davis v. Bankston, La.App. 3rd Cir., 192 So.2d 614, and decisions cited therein.
Finding no manifest error in the jury verdict, we affirm the judgment of dismissal founded upon it. The plaintiff-appellant is to pay the costs of this appeal.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.