264 So.2d 297 (1972)
Luetha J. KING
v.
INVESTMENT EQUITIES, INC. and The Home Insurance Company.
No. 8909.
Court of Appeal of Louisiana, First Circuit.
June 26, 1972.
*298 William H. Cooper, Jr., Franklin, Moore, Beychok & Cooper, Baton Rouge, for appellant.
F. Barry Marionneaux, Plaquemine, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
*299 LANDRY, Judge.
This appeal by defendants, Investment Equities, Inc. (Investment), and its insurer, Home Insurance Company (Home), (Appellants), is from the judgment of the trial court awarding plaintiff damages for personal injuries and related medical expense sustained and incurred as the result of plaintiff's falling in a hole in the surface of the blacktopped parking area of a shopping center owned by Investment. The trial court did not assign reasons for its judgment. However, the decree rendered presupposes a finding of fault on the part of Investment and the exoneration of plaintiff from the charge of contributory negligence. Plaintiff has answered the appeal praying for an increase in her award for personal injuries. We reverse upon finding plaintiff guilty of contributory negligence barring her recovery.
The accident occurred during daylight hours on April 7, 1970, a clear dry day. Plaintiff is a 56 year old spastic paraplegic who walks with a limp and never ventures our alone. On the day in question, plaintiff was being escorted by two acquaintances, Isable and Elizabeth Trosclair, to West Brother's Department Store which is situated in Investment's shopping center located in the city of Plaquemine. Plaintiff intended to redeem some articles which had been placed in lay away. Plaintiff and her acquaintances had each visited West Brothers store at least two or three times prior to the date of the accident. After parking approximately 75 feet from the West Brothers establishment, plaintiff and her acquaintances made their way toward the store on foot. En route it became necessary to walk between a row of parked vehicles. The two Trosclairs preceded plaintiff and, upon emerging from behind the last parked vehicle, stopped preparatory to crossing a vehicle lane or "street" which ran immediately in front of the West Brothers store. While plaintiff's acquaintances were checking traffic to determine if the "street" could be crossed in safety, plaintiff fell into a hole about four or five feet behind the last parked car. The hole measured approximately 3 inches deep by two to two and one-half feet in diameter. Photographs taken approximately one year following the accident, and introduced by plaintiff, show what purports to have been the position of the vehicle behind which subject hole was situated. The pictures reveal a repaired area approximately three feet in diameter situated about four to five feet behind a parked automobile. We note that the photographs reveal the surface of the blacktopped parking area to be in need of repair at several locations. However, as above mentioned, these photographs were taken approximately one year following the accident. The record contains no direct evidence as to the general condition of the parking area on the day of the accident.
Plaintiff testified she was walking unaided behind her acquaintances. As she neared the "street", she was not looking at the surface on which she was walking, but was preoccupied with watching traffic going in both directions on the street which she had to cross. She frankly conceded she never saw the hole into which she fell.
Elizabeth Trosclair testified in effect that she was in the lead as the party walked single file between the row of parked cars. She was followed by Isabel Trosclair and then by plaintiff. She walked from behind the last parked car and immediately began checking traffic which was proceeding in both directions on the "street". She never did see the hole before the accident. She also stated she did not see plaintiff fall, but upon looking behind her saw plaintiff lying face down on the ground. After the accident, she noticed the hole into which plaintiff fell. She described the depression as being about three to four inches deep, and stated it was situated approximately four to five feet to the rear of the parked vehicle from behind which she had just emerged.
Isabel Trosclair confirmed that the party was walking single file because the space *300 between the row of parked vehicles was too narrow for them to walk side by side. She stated that she was behind Elizabeth Trosclair and plaintiff was the last in line. She did not actually assist plaintiff in walking although plaintiff was physically handicapped. As they emerged from behind the parked car, she saw the hole and walked to one side while Elizabeth Trosclair walked one the other side of the hole. As she was watching traffic to determine if it was safe to cross the `"street", she heard a noise behind her. She turned around and saw plaintiff in the act of falling. She attempted to catch plaintiff, but could not get to plaintiff in time. She watched helplessly as plaintiff tripped in the hole and fell flat on her face. Thereafter, she and Elizabeth Trosclair, assisted by an unknown male, helped plaintiff to her feet and brought plaintiff into the West Brothers store. She also stated that plaintiff was taken to a physician for examination and treatment after plaintiff had regained sufficient composure.
Under the circumstances, plaintiff was unquestionably a business invitee. The degree of care owed a business invitee by a storekeeper or property owner is well settled and has been repeatedly stated as follows:
"Storekeepers and property owners are not insurers of the safety of their invitees; they are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof, i. e., free of defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises, and storekeepers or owners are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care." Coquille v. Expressway Bowling, Inc., La.App., 183 So.2d 347. (Emphasis by the Court.)
We have read all of the numerous cases cited by Appellants and Appellee discussing the question of breach of duty by the storekeeper or owner, and the matter of alleged contributory negligence of an invitee in cases of this nature. Most such authorities deal with accidents occurring within a business establishment itself or in or near doorways and sidewalks affording means of ingress and egress thereto. We are aware of two cases in which similar accidents occurred outside on parking lots, namely, Boubede v. Casualty Reciprocal Exchange, La.App., 209 So.2d 82, and Byrnes v. National Casualty Co., La.App., 45 So.2d 408. Irrespective of whether the injury results from an accident occurring within a business establishment or on a parking lot provided by the storekeeper or owner for the accommodation of his invitees' vehicles, the duty of care required of the storekeeper or owner, as well as that demanded of the invitee, is as hereinabove set forth. No useful purpose would be served by a factual analysis of the many authorities cited by the opposing parties. It is elementary that the question of negligence by the storekeeper or owner, as well as alleged contributory negligence of an invitee, are issues which must be determined in the light of the circumstances of each individual case.
We find no negligence on the part of Investment in failing to provide its parking area with elevated sidewalks as contended by plaintiff. While such facilities may be desirable and provide an added convenience, failure to provide them does not constitute negligence per se.
We do find, however, that the record justifies the finding that Investment was negligent in permitting a hole of such proportions to remain undetected and uncorrected. The nature of the defect convinces us that it pre-existed plaintiff's accident by a considerable period of time. A *301 hole of such depth and size does not ordinarily appear overnight. We find it more reasonable to conclude that the hole began as a small crack or break in the surface of the parking lot and gradually increased in depth and size from the effects of the elements and the daily passage of vehicles over the affected area. We find, therefore, that Investment had at least constructive notice of the defect, and that its failure to remedy the condition amounted to negligence under the circumstances.
We also find, however, that plaintiff was guilty of contributory negligence in that she did not maintain a reasonable lookout and failed to see an obvious danger. Her negligence in this regard was a proximate cause of the accident and bars her recovery.
The testimony of plaintiff's own witness, Isabel Trosclair, and the photographs introduced by plaintiff, clearly show that the hole in question was not a hidden defect, trap or pitfall, but was open to view and could be observed by one maintaining a reasonable lookout for his own safety. The defect was readily noticed by Isabel Trosclair who testified the hole was located about four or five feet to the rear of a parked car, and that she observed it in ample time to walk to one side. Her testimony as to the location and size of the hole is confirmed by the pictures put in evidence by plaintiff herself. The hole was not obscured as contended by plaintiff, According to plaintiff's own testimony, plaintiff paid absolutely no attention to the condition of the parking lot on which she was walking. She frankly testified she was looking out for cars and was not concerned with the parking lot surface.
We are thoroughly in accord with the pronouncement in Gambino v. Lubel, La.App., 190 So.2d 152, to the effect that an individual with an infirmity is held to the same degree of care of an ordinary prudent person which the law establishes for everyone, and that to fulfill this duty, an incapacitated person may be required to exert greater care for his own safety than is demanded of an individual free of physical disability. We find this rule peculiarly applicable in this case. The nature of plaintiff's infirmity rendered her more prone than a normally healthy individual to fall, stumble or trip. For this reason, plaintiff should have exercised greater caution and paid more than ordinary attention to the condition of the surface upon which she was walking. Had plaintiff paid even the slightest attention, she should and could have seen a hole of such magnitude which was in plain view and have avoided it. Plaintiff's failure to pay any attention whatsoever to the condition of the parking lot constituted contributory negligence on her part.
Relying upon Knight v. Travelers Insurance Co., La.App., 32 So.2d 508; Levy v. Travelers Insurance Company, La.App., 254 So.2d 659, and other cited authorities, plaintiff maintains her duty of care was lessened by the momentary diversion of her attention to check traffic before crossing the street. The argument is without merit considering plaintiff was in effect being "led" by her acquaintances who preceded her to the "street" area. Both of plaintiff's escorts had previously reached the "street" and were already checking traffic while awaiting plaintiff's arrival. It is obvious that plaintiff did not intend to cross the street alone, but that she would be assisted and watched over by her escorts. When plaintiff fell, there was no need for her to be concerned with traffic.
The judgment of the trial court is reversed and judgment rendered herein in favor of defendants, Investment Equities, Inc. and The Home Insurance Company, and against plaintiff, Luetha J. King, rejecting plaintiff's demands, with prejudice; all costs of these proceedings to be paid by plaintiff.
Reversed and rendered.
*302 BLANCHE, Judge (dissenting).
I respectfully dissent.
The question of whether of plaintiff was contributorily negligent for failing to see the hole in which she fell is too close to justify our reversal of the trial judge. Because of the location of the hole some four to five feet to the rear of a parked car and at a busy intersection in the parking lot and because plaintiff's attention was momentarily diverted to the traffic which was described as heavy, the trial judge had every right to find plaintiff free of negligence contributing to the accident. A contrary conclusion by our court is not justified because it amounts to a substitution of our opinion for that of the trial judge in the absence of manifest error. Sarvaunt v. New Hampshire Insurance Company, 220 So.2d 120 (La.App.3rd Cir. 1969); Fairbanks v. Travelers Insurance Company, 232 So.2d 323 (La.App.2nd Cir. 1970); Cloney v. Travelers Insurance Company (La.App.1st Cir. 1971), writs refused, 259 La. 871, 872, 253 So.2d 212.