ON MOTION TO DISMISS
HUMPHRIES, Judge.
The defendant-appellee, Commercial Union Insurance Company, moves to dismiss the appeal of the plaintiff-appellant Janet Faucheaux, on the grounds that the judgment appealed from is a non-appealable interlocutory judgment.
Plaintiff originally filed her suit in forma pauperis. The defendant filed a Rule to Traverse the plaintiffs affidavit of poverty, which rule was set for hearing on September 3, 1976. After the hearing on defendant’s Rule to Traverse on September 3, 1976, the trial court reversed its previous order permitting plaintiff to proceed in for-ma pauperis, and ordered the plaintiff to deposit advance court costs or to furnish a bond for such costs within ten days from the_day of September, 1976, or have her case dismissed without prejudice. Formal judgment was signed and rendered on September 9, 1976.
From this judgment, the plaintiff moved for and was granted an appeal in forma pauperis on September 9, 1976. The appeal was made returnable to this court on October 15,1976, and was lodged with this court on September 15, 1976.
In its motion to dismiss, the defendant argues that a judgment denying a plaintiff the right to proceed in forma pau-peris is a non-appealable interlocutory judgment. We disagree. Article 2083 of the Code of Civil Procedure specifically authorizes an appeal from an “interlocutory judgment which may cause irreparable injury”. The issue is whether the judgment results in “irreparable injury”. We opine that it *270 does. This contention was squarely met in the case of Shaneville v. Toye Bros., 173 So. 464 (La.App. Orleans 1937), wherein that court held:
“It appears to us that a judgment denying to a plaintiff the right to prosecute a suit in forma pauperis is one which works irreparable injury to a party entitled to the benefits of Act No. 156 of 1912 (now LSA-C.C.P. art. 5181, et seq.) permitting impoverished persons to litigate without the payment of costs. It is evident that one who is unable to obtain the necessary amount of money to pay costs of court as they accrue is irreparably injured by a judgment which prohibits him from the prosecution of his claim without the payment of money which he is unable to obtain.”
In at least two cases before this court, we have permitted appeals from judgments denying plaintiffs the right to proceed in for-ma pauperis. The court never directly addressed the issue of whether an order denying the right to proceed in forma pauperis was an appealable interlocutory order. Nevertheless, the court in allowing the appeal necessarily must have concluded that such an order caused irreparable injury and was appealable. C.C.P. art. 2083. Crawford v. Government Employees Insurance Company, 219 So.2d 241 (La.App. 3 Cir. 1969) and Hollier v. Broussard, et als, 220 So.2d 175 (La.App. 3 Cir. 1969).
For the reason assigned, the defendant-appellee’s Motion to Dismiss the appeal of the plaintiff-appellant is hereby denied.
ON RULE TO TRAVERSE
We are of the opinion that the trial judge was in error in making the Rule to Traverse preemptory.
The plaintiff is a waitress at a fast food grill. Her rate of pay is $1.10 per hour and she usually works a 40 hour week. Her tips usually average $44.00 per week. This would equal the federal minimum standard for food handlers. After deductions, her take home pay is $325.00 per month. Her fixed obligations are:
Rent $ 65.00
Automobile notes 80.00
Life insurance 10.00
Hospitalization insurance 24.72
Car insurance 17.00
TOTAL $196.72
This does not include anything for clothing, cosmetics, occasional meals outside, gasoline and automobile upkeep, entertainment, uniforms and work shoes, and miscellaneous items and expenses. She has a savings account of $200.00 and an unpaid doctor bill of $290.
When plaintiffs income is balanced against her fixed and fluid expenses and the cost of a jury trial she is entitled to proceed in forma pauperis.
The judgment of the district court is reversed and the Rule to Traverse is denied. Defendants are cast for all costs pertaining to the Rule to Traverse and this appeal.
REVERSED.