KNOLL, Judge.
The appellants, Marion Mumphrey, individually, and Craig Mumphrey, individually and on behalf of his minor child, Sonya, appeal from a summary judgment granted in favor of one of the defendants, C.D. Grimes d/b/a Corner Grocery, dismissing Grimes from the suit for damages sustained as a result of a vehicular-pedestrian accident. The sole issue is whether the *581 trial court erred in granting Grimes’s motion for a summary judgment. We affirm, finding no genuine issues of material fact existed and that Grimes was entitled to judgment as a matter of law.
The facts are undisputed. Linda Mae Rollins, a/k/a Linda Mae Wright, went to the Corner Grocery located in Leesville on November 20, 1981, accompanied by her young son. She was driving a 1972 Ford Pinto automobile with an automatic transmission and a floor shift. Rollins parked her automobile near the front door of the Corner Grocery intending to make a quick purchase. She left her son in the automobile with the engine running. Before entering the store, Rollins realized that she should not have left her son in the car with the engine running. She returned to her automobile intending to turn the ignition off; at the same time Marion Mumphrey and her two children were walking toward the store’s entrance. Marion was carrying her eighteen month old son while Sonya, age three, walked in front of her. As Rollins attempted to turn the ignition off, she lost control of her vehicle and struck Marion and Sonya.
The engine had a tendency to continue running after the ignition was turned off (dieseling) and the car would jerk repeatedly. To prevent this from occurring, Rollins would turn the ignition off while the gear shift was in the drive position, then shift into the park position. At the time of the accident, Rollins was attempting to turn the ignition off in this manner. She thought her foot was on the brakes, but when she shifted into drive preparing to turn the ignition off, the car began moving and struck the Mumphreys.
The appellants brought this action against Linda Rollins, C.D. Grimes d/b/a Corner Grocery, and Grimes’s insurer, Shelter Insurance Company.
SUMMARY JUDGMENT
LSA-C.C.P. Art. 966 provides:

“A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiffs motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.

B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. ”
It is only genuine issues of material fact that preclude relief sought by motion for summary judgment. A summary judgment should be granted when a reasonable mind must conclude there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Butler v. K-Mart Corporation, et al., 432 So.2d 968 (La.App. 4th Cir.1983); Chaisson v. Domingue, 372 So.2d 1225 (La.1979). The burden of proof is on the mover and any doubt will be resolved against granting of a summary judgment. Hebert v. Vice, 413 So.2d 342 (La.App. 3rd Cir.1982); Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
In the present case Grimes filed Rollins’s deposition, an affidavit, and a memorandum in support of his motion for summary judgment. The Mumphreys responded by filing an affidavit and deposition of Marion Mumphrey in opposition to the motion for summary judgment, contending that genuine issues of material fact existed as to whether Marion and Sonya were invitees under Louisiana law and whether the Corner Grocery owed them a duty of care. The facts of the accident were undisputed. *582 These contentions present questions of law not encompassed under Article 966, therefore, we reject them. It is clear that Article 966 concerns genuine issues as to material fact and does not concern matters that require a determination of a question of law.
The determinative issue is whether the mover, Grimes, is entitled to a summary judgment. The law is clear that the duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Shelton v. Aetna Casualty and Surety Company, 334 So.2d 406 (La.1976). Storekeepers and property owners are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof. King v. Investment Equities, Inc., 264 So.2d 297 (La.App. 1st Cir.1972). In spite of the existence of the significant duty owed to invitees, the premises owner is not liable for accidents occurring on the premises through no fault of his own. Stoute v. Mobil Oil Corporation, 297 So.2d 276 (La.App. 3rd Cir.1974), writ denied, 300 So.2d 839 (La.1974).
The Corner Grocery parking lot was not a contributing factor or a cause of the accident. We find no reasonable precautions Grimes could have taken to avoid this accident. The record clearly supports that C.D. Grimes did not breach his duty of care owed to business invitees under the circumstances of this case.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellants.
AFFIRMED.