DOUCET, Judge.
MOTION TO DISMISS
The plaintiff-appellee, Mathew Dubois, moves to dismiss the appeal of the defendant-appellant, Diamond M. Company, on the grounds that the judgment appealed from is a non-appealable interlocutory order.
This case involves a worker’s compensation claim in which the trial court allowed the plaintiff, Mathew Dubois, to proceed in forma pauperis. The defendant filed a petition for rule to traverse the right to proceed in forma pauperis, and a hearing was held on July 14, 1986 in which counsel for both the plaintiff and defendant were present. After the arguments were heard by the trial court, the trial court denied mover’s motion at his cost. Diamond M. Company then filed this appeal, complaining of the judgment signed on July 16,1986 denying Diamond M. Company’s petition for rule to traverse plaintiff’s right to proceed in forma pauperis. Subsequent to this appeal, the instant Motion to Dismiss was filed on behalf of the plaintiff, Mathew Dubois.
LSA-C.C.P. Art. 2083 provides:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
The judgment complained of is an interlocutory order. Faucheaux v. Commercial Union Ins. Co., 342 So.2d 269 (La.App. 3rd Cir.1977). Therefore, the only way this appeal could be maintained is for some irreparable injury to befall the appellant. No irreparable injury has been alleged in Diamond M. Company’s motion for appeal, and the court fails to see how Diamond M. Company could be irreparably hurt by the trial court allowing the plaintiff, Mr. Dubois, to proceed in forma pau-peris.
As LSA-C.C.P. 2083 only allows appeals from interlocutory orders that cause irreparable injury, and none has been alleged by appellant, nor can irreparable injury befall the appellant, Diamond M. Company’s appeal is dismissed. Accordingly, mover’s motion is granted and Diamond M. Company’s appeal is dismissed at its cost.
APPEAL DISMISSED.